1    **MARC S. SHAPIRO, SBN 155791**
**E-mail: mss@hssalaw.com**
2    **JONATHAN P. CYR, SBN 260826**
**E-mail: jpc@hssalaw.com**
3    **HANGER, STEINBERG, SHAPIRO & ASH**
**A Law Corporation**
4    **21031 Ventura Blvd., Suite 800**
**Woodland Hills, CA 91364-6512**
5    **(818)226-1222 Fax (818)226-1215**

6    Attorneys for Plaintiffs
KRISTOPHER D. BAGLEY, KYLE L. BAGLEY,
7    And K.V.B., a minor, by and through
her *Guardian ad Litem*, KYLE L. BAGLEY

8

9                 **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11           **WESTERN DIVISION – LOS ANGELES**

12

| | |
|---|---|
| 13   KRISTOPHER D. BAGLEY, an individual, KYLE L. BAGLEY, an individual, and K.V.B., a minor, by and through her Guardian ad litem, KYLE L. BAGLEY, | CASE NO.  CV13-03784 MWF (JEMx) |
| 14 | |
| 15 | (Assigned for all purposes to District Judge Michael W. Fitzgerald and the assigned discovery Magistrate Judge John E. McDermott) |
| 16         Plaintiffs, | |
| 17   vs. | **JOINT CONFERENCE REPORT [FED. R. CIV. PROC. 26(f)]** |
| 18   MILLER & DESATNIK MANAGEMENT CO., INC. A | |
| 19   California Corporation; CHARLES A. DAILEY, an individual; CAROL P. | |
| 20   DAILEY, an individual; and DOES 1 to 20, Inclusive, | Discovery Cut-off:  TBD<br>Motion Cut-off:    TBD<br>Trial Date:        TBD |
| 21 | |
| 22         Defendants. | |
| 23 | |

24   TO THE HONORABLE COURT, TO ALL PARTIES AND THEIR

25   ATTORNEYS OF RECORD:

26        Pursuant to <u>Federal Rule of Civil Procedure</u> 26(f), as modified by Local

27   Rule 26-1 and this Court's Order Setting Rule 16(b) Scheduling Conference, the

28   parties hereby submit their joint report of the early meeting of counsel, conducted

on August 21, 2013. The parties have by agreement and in accordance with their schedules agreed to submit this joint report at a date later than required by the Rules.

**A.     Statement of the Case**

    1. *Plaintiffs' Synopsis*:

    Plaintiffs Kristopher Bagley, Kyle Bagley, and their minor daughter K.V.B. (hereinafter "Plaintiffs") seek compensatory and punitive damages for breaches of written contract and of the implied covenants of habitability and quiet enjoyment, retaliatory constructive and actual eviction, housing discrimination based on familial status, trespass, and intentional infliction of emotional distress.

    Mr. and Mrs. Bagley and their minor child resided at an apartment in a five-unit building located at 4065-4069 Lafayette Place, Los Angeles, CA 90232 (hereinafter "the property") pursuant to a lease commencing December 1, 2008. Plaintiffs were never late in paying rent and abided by all state and local laws in their use and maintenance of the property.

    Defendants Charles and Carol Dailey (hereinafter "the Daileys") purchased the Property in January 2010. The Daileys hired Defendant Miller & Desatnik Management Co., Inc. (hereinafter "Miller") as off-site property manager.

    During Plaintiffs' tenancy, the Property was unsafe, unsanitary, unhealthy, uninhabitable, untenantable, sub-substandard, and in gross violation of building, health and safety laws found in the California Civil Code, California Health and Safety Code, and the Los Angeles Rent Stabilization Ordinance. The conditions and Defendants' actions and/or omissions also constituted a breach of lease. During their tenancy, Plaintiffs advised Defendants of numerous substandard conditions, including lack of heat; water leaks/intrusions; a flood which damaged Plaintiffs' property and forced them to relocate for nine days at great expense; inoperable windows; lack of locking doors and windows; and mold. Plaintiffs also advised Miller of nuisances caused by other tenants and of Charles Dailey's

unlawful intrusions. Defendants failed to remedy the conditions. Plaintiffs filed complaints with the City and County which resulted in the issuance of violation notices against Defendants. Defendants still failed to comply with their obligations.

In September 2012, Miller issued a set of written house rules to all tenants which included a rule which was overly restrictive toward families with minor children specifically requiring supervision at all times due to there being no play area designated on the premises. Plaintiffs requested that the rule be rescinded and provided the legal basis therefor. Defendants rescinded the rule two days after they served Plaintiffs with a 60-day eviction notice five months later.

Defendants' conduct constituted 1) a breach of contract; breaches of the 2) covenant of quiet enjoyment (Cal. Civ. Code § 1927) and 3) the implied warranty of habitability (Cal. Civ. Code § 1941, et seq.);  4) negligent maintenance of premises (Cal. Civ. Code § 1714); 5) a private nuisance; 6) a trespass (Cal. Civ. Code § 1954); violations of 7) the Fair Housing Amendments Act (42 U.S.C. §§ 3604, 3617) (hereinafter "FHAA"); 8) the California Fair Employment and Housing Act, (Cal. Gov't. Code § 12955, et seq.) (hereinafter "FEHA"); and 9) the Unruh Civil Rights Act (Cal. Civ. Code § 51) (hereinafter "UNRUH"); 10) retaliatory eviction (Cal. Civ. Code § 1942.5); 11) constructive eviction; 12) violation of the California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200); 13) unjust enrichment; 14) intentional infliction of emotional distress; and 15) negligence. Plaintiffs contend that Defendants' conduct entitles to them to an award of attorney's fees. Plaintiffs also contend that Defendants' actions warrant an award of punitive damages. Plaintiffs further allege that Defendants' conduct entitles them to statutory fines pursuant to FEHA and UNRUH. Finally, Plaintiffs allege that they are entitled to declaratory and injunctive relief.

Plaintiffs reserve the right to amend and/or supplement this list as discovery proceeds and warrants.

JOINT CONFERENCE REPORT, PURSUANT TO FED. R. CIV. PROC. 26(f)

2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY and MILLER AND DESATNIK MANAGEMENT CO., INC.'s Synopsis*:

Defendants contend that they attempted to make all repairs complained of by Plaintiffs. Also, Plaintiffs insisted on being present when anyone entered their apartment which may have been the cause of any delay.

The water heater in the unit above Plaintiffs' burst unexpectedly and Defendants addressed the problem as soon as practicable.

Due to Plaintiffs' numerous complaints, it was decided, based on the advice of counsel, that Plaintiffs would be given a Notice to Terminate so that repairs could be made to their entire unit once they vacated. They were offered the right to return to the unit once the repairs were completed but refused.

**B.    Subject Matter Jurisdiction**

Pursuant to this Court's order dated August 2, 2013, Plaintiffs' Complaint alleging fifteen causes of action, one of which being brought pursuant to the Fair Housing Amendments Act (specifically, 42 U.S.C. §§ 3504, 3617), is properly within the original subject matter jurisdiction of this Court, pursuant to 28 U.S.C. § 1331. The remainder of Plaintiffs' claims fall within supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

**C.    Legal Issues**

1. *Plaintiffs*:

Did Defendants' conduct, e.g. failure to make repairs, acts of trespass, issuance of rules, and ultimately their eviction of Plaintiffs, amount to a breach of the written lease governing Plaintiffs' tenancy?

Did Defendants' conduct constitute a breach of the covenant of quiet enjoyment (Cal. Civ. Code § 1927) and/or the warranty of habitability (Cal. Civ. Code § 1941)?

Did Defendants' conduct constitute negligent maintenance of the premises (Cal. Civ. Code § 1714)?

Did Defendants' conduct constitute common law trespass or trespass pursuant to Cal. Civ. Code, Section 1954?

Did Defendants' conduct "otherwise make unavailable or deny" a dwelling based on familial status, in violation of 42 U.S.C. § 3604(a)?

Did Defendants' written rules and enforcement of those rules impose differential terms, conditions, or treatment based on familial status, in violation of 42 U.S.C. §§ 3604(a) and (b)?

Did Defendants' written rules, eviction notice, correspondence and conduct indicate a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c)?

Did Defendants' conduct violate FEHA (Cal. Gov't. Code § 12955, et seq.)?

Did Defendants' conduct violate the UNRUH (Cal. Civ. Code § 51)?

Did Defendants' conduct amount to retaliatory eviction/termination of tenancy prohibited by Cal. Civ. Code, Section 1942.5?

Did Defendants' conduct amount to constructive eviction?

Did Defendants' conduct violate the Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200, et seq.)?

Were Defendants unjustly enriched despite their conduct?

Did Defendants' conduct amount to intentional infliction of emotional distress?

Did Defendant's conduct constitute negligence?

Plaintiffs reserve the right to amend and/or supplement this list as discovery proceeds and warrants.

2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY, and MILLER AND DESATNIK MANAGEMENT CO., INC.*:

Did Defendants act reasonably in response to Plaintiffs' Complaints?

Do Plaintiffs have standing to assert claims under FEHA where neither they, nor their minor child, was affected by the alleged discriminatory house rule?

What damages, if any, did Plaintiffs sustain, as a result of the claims being asserted against Defendants?

Can Defendants be liable for punitive damages when they were acting upon the advice of counsel?

**D.    Parties, Evidence, etc.**

The parties are: Individual Plaintiffs KYLE L. BAGLEY, KRISTOPHER D. BAGLEY, and K.V.B., a minor, by and through her guardian *ad litem* KYLE L. BAGLEY; Corporate Defendant MILLER AND DESATNIK MANAGEMENT CO.; and Individual Defendants CHARLES A. DAILEY and CAROL P. DAILEY.

Percipient witnesses and documents, delineated by party affiliation, are listed as follows:

1. *Plaintiffs*:

At this time, Plaintiffs' percipient witnesses are Plaintiffs Kristopher and Kyle Bagley, the Daileys, Miller's property manager Elisa Herrera, Miller's unlawful detainer attorney Duane Hall, Charles Dailey, Carol Dailey, Culver City Department of Building and Safety Inspector Carlos Lugo, Los Angeles County Public Health Inspectors Amy Okokira and Kathleen Tran, tenants Jocelyn Arnold and Stephanie Colwig-Meyer and potentially other tenants residing at the property or who resided there during the Bagleys' tenancy.

The key documents on the core issues of Plaintiffs' case that are currently known to Plaintiffs' tenant file, including the lease; Defendants' house rules; property maintenance records, if any; complaints filed by Plaintiffs with the City/County; emails between the parties; notices, citations, and reports issued by the Culver City Department of Building and Safety and by the Los Angeles

County Department of Public Health; any mold, asbestos, and lead testing reports; the February 25, 2013 eviction notice; the February 27, 2013 revised house rules; correspondence between Defendants' unlawful detainer attorney, Duane Hall and Defendants, Plaintiff's attorney, and others; and various other communications and correspondence.

Plaintiffs reserve the right to amend and/or supplement this list as discovery proceeds and warrants.

2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY and MILLER AND DESATNIK MANAGEMENT CO., INC.*:

Defendants' percipient witnesses are: Charles Dailey, Carol Dailey, Kristopher Bagley, Kyle Bagley, Elisa Herrera, Yolanda Montgomery, Leslie Thompson, Duane Hall, Esq., R&N Maintenance, ServPro of Encino, Bravo's Construction Company, Del Rey Electric, Karel Paprskar, Gabriel's Drapery, Drain Solution, Inc., Garry Plumbing, Gary Poitner, Kevin Thompson Plumbing, and Precision Environmental.

Defendants intend to rely on the tenant file, repair requests, invoices for repairs to Plaintiffs' unit, and correspondence between Plaintiffs' counsel and Defendants' unlawful detainer counsel.

Defendants reserve the right to amend and/or supplement this list as discovery proceeds.

**E.    Damages**

1. *Plaintiffs*:

Plaintiffs seek damages according to proof for out-of-pocket costs suffered due to Defendant's actions, including but not limited to past rents paid for an uninhabitable premises, temporary relocation expenses and property damage resulting from the January 31, 2013 flood, past expenses incurred for mold investigation and testing, relocation expenses resulting from Defendants' unlawful eviction, wrongful withholding of security deposit, other property

damage, and increased transportation costs; and future damages for increased rents, utilities, and other consequential costs. Plaintiffs also seek general damages for loss of housing opportunities, loss of civil rights, and emotional distress. Plaintiffs seek statutory damages for unlawful discrimination. Plaintiffs seek attorney's fees reasonably and necessarily incurred. Finally, Plaintiffs seek punitive damages for Defendants' malicious, fraudulent, and/or oppressive conduct.

Plaintiffs estimate their current provable damages to be in excess of $195,000 (not including punitive damages), and estimate that at time of trial, provable damages will be far higher due to, at minimum, the additional expenditure of attorney's fees.

Plaintiffs reserve the right to amend and/or supplement this list as discovery proceeds and warrants.

2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY and MILLER AND DESATNIK MANAGEMENT CO., INC.*:

Defendants dispute that Plaintiffs have been damaged.

**F.    Insurance**

1. *Plaintiffs*:

Not applicable.

2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY and MILLER AND DESATNIK MANAGEMENT CO., INC.*:

CSE Safeguard Insurance Company, $1,000,000 business liability coverage, with a reservation of rights.

**G.    Motions**

1. *Plaintiffs*:

Plaintiffs plan to file a motion for (partial) summary judgment, as discussed more fully in Section "M" below and addressing the issues framed in Section "C" above. Plaintiffs do not presently contemplate bringing motions to

8

add other parties or to amend their Complaint, but reserve the right to do so should discovery yield additional victims of Defendants' discrimination or Defendants' other wrongful conduct forming the basis of Plaintiffs' causes of action. Plaintiffs will not bring a motion to transfer venue.

Plaintiffs reserve the right to amend and/or supplement this list as discovery proceeds and warrants.

2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY and MILLER AND DESATNIK MANAGEMENT CO., INC.*:

Defendants reserve the right to file any dispositive motion until discovery is completed.

Plaintiffs, Miller, and the Daileys propose December 31, 2013 as the deadline to amend pleadings and/or add parties. Cross-Defendant LESLIE THOMSEN, as trustee of the THOMSEN FAMILY TRUST proposes that the deadline fall on a date subsequent to its pending petition to compel arbitration filed in the Superior Court of California, County of Los Angeles, which is set for hearing on January 21, 2014.

**H.    Manual for Complex Litigation**

This case does not contemplate the procedures for complex litigation.

**I.    Status of Discovery**

The parties are in the process of exchanging initial disclosures and all relevant information. Initial Disclosures are due and shall be made by September 20, 2013.

Plaintiffs propounded Interrogatories, Document Requests, and Requests for Admission upon each of the three named Defendants while this action was pending in the Superior Court of California, County of Los Angeles, but Defendants removed the case to this Court, rendering said discovery moot and inactive. Pursuant to agreements reached at the Rule 26(f) early conference of counsel, Plaintiffs culled the previously-served discovery and reviewed

Defendants' initial disclosures in order to tighten the issues, facts, witnesses, and documents sought by the discovery and thus conserve time and resources. Plaintiffs have served requests for production, interrogatories, and requests for admission and anticipate receiving timely responses pursuant to the Rules, in or around mid-October.

Defendants have propounded Requests for Production to each Plaintiff, but pursuant to agreements reached at the Rule 26(f) conference and confirmed by written stipulation, the responses thereto will not be due from Plaintiffs until after Defendants have provided verified responses to Plaintiff's revised written discovery.

The parties are in the process of determining what types of electronically stored information exist, which types and examples are relevant, the manner in which they are stored, date ranges for review, the name and roles of custodians, any file types that will be searched and by what method/search term, the format for production, and the need for any protective orders.

The parties' contemplated schedule of future discovery, including discovery deadlines, is referenced throughout and contained in Section "R" below.

**J.    Discovery Plan**

The parties' proposed discovery deadlines are discussed throughout and contained in Section "R" below.

It is stipulated and agreed that all discovery disputes will be discussed by phone calls and/or in-person conferences and not merely meet-and-confer letters or emails.

It is stipulated and agreed that all depositions will be scheduled by agreement; no unilateral notices will be permitted.

It is stipulated and agreed that all deposition exhibits will be numbered or lettered sequentially, with numbers used for Plaintiffs and letters for Defendants.

1  1. *Plaintiffs*:

2  As mentioned, the parties are in the process of propounding written

3  discovery to one another.

4  Plaintiffs seek to depose Defendants Charles Dailey and Carol Dailey, and

5  Miller and Desatnik's property manager, Elisa Herrera. Plaintiffs also seek to

6  depose the person(s) most knowledgeable of Defendant Miller and Desatnik's

7  day-to-day operations, including tenant relations. Plaintiffs seek to depose Carlos

8  Lugo of the Culver City Department of Building Safety, as well as 1-2 additional

9  employees/persons-most-qualified from that department and from County of Los

10  Angeles, Department of Public Health. Plaintiffs seek to depose tenants at the

11  property, including Jocelyn Arnold, Stephanie Colwig-Meyer, and potentially two

12  others. Plaintiffs also anticipate deposing 1-2 additional unidentified witnesses

13  and any experts designated by Defendants.

14  Plaintiffs reserve the right to amend and/or supplement this list as

15  discovery proceeds and warrants.

16  2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY and MILLER*

17  *AND DESATNIK MANAGEMENT CO., INC.*:

18  Defendants have propounded an initial set of written discovery.

19  Defendants plan on deposing Plaintiffs.

20  Defendants reserve the right to take further depositions once discovery is

21  underway.

22  **K.  Discovery Cut-off**

23  The parties propose that all non-expert discovery shall be completed by

24  February 18, 2014. Resolution of all discovery motions shall be April 1, 2014

25  **L.  Expert Discovery**

26  The parties have agreed to an initial expert disclosure date of February 4,

27  2014, and a rebuttal expert disclosure date of March 4, 2014. The parties propose

28  April 1, 2014 as the date on which all expert discovery is to be completed.

**M.     Dispositive Motions**

The parties propose April 15, 2014 as the deadline to file dispositive motions.

1. *Plaintiffs*:

Plaintiffs anticipate bringing a motion for summary judgment and/or adjudication on the issues of Defendants' liability for, without prejudice to other issues:

a)     unlawful familial status discrimination under the FHAA and California's FEHA, e.g. denial of a dwelling based on familial status (42 USC § 3604(a)); imposition of a preference, limitation, or discrimination based on familial status (42 USC § 3604(c)); differential treatment (42 USC § 3604 (a) or (b));

b)     unlawful/retaliatory eviction (Cal. Civ. Code § 1942.5);

c)     unlawful entry/trespass (Cal. Civ. Code § 1954); and

d)     constructive eviction;

Any and all of these causes of action, if adjudicated in Plaintiffs' favor, will entitle them to an award of attorney's fees.

Plaintiffs presently do not have enough information to determine what, if any, motions *in limine* they will seek.

Plaintiffs reserve the right to amend and/or supplement this list as discovery proceeds and warrants.

2. *Defendants CHARLES A. DAILEY, CAROL P. DAILEY and  MILLER AND DESATNIK MANAGEMENT CO., INC.*:

Defendants reserve the right to file dispositive motions until after discovery is completed.

**N.     Settlement/ Alternative Dispute Resolution (ADR)**

The parties have engaged in settlement discussions. Plaintiffs have spent considerable time evaluating their case and explaining it to counsel for

Defendants. At Defendants' request, Plaintiffs issued a detailed, itemized settlement demand letter in June of 2013. Defendants contend that their insurer has responded to the demand, but Plaintiffs have received no such response.

The parties agree to work towards speedy and effective resolution of this case. Plaintiffs welcome Defendants to participate in renewing settlement discussions after receiving Defendant's responses to written discovery.

The parties are amenable to resolving this matter by way of alternative dispute resolution. Plaintiffs request private mediation with a retired judge familiar with the legal issues framed in their Complaint. Defendants request use of the Court Mediation Panel..

**O.    Trial Estimate**

The parties propose a trial date of June 10, 2014. The parties agree that a 5 to 7-day jury trial is appropriate.  Plaintiffs anticipate calling 6-7 fact witnesses and 1-2 experts. Defendants will likewise call 4-6 fact witnesses and 2-4 experts.

**P.    Trial Counsel**

Plaintiffs' trial counsel shall be Marc S. Shapiro. Defendants' trial counsel shall be Marjorie E. Motooka.

**Q.    Independent Expert or Master**

The parties do not contemplate the need for appointment of a master or scientific expert.

**R.    Timetable**

A copy of this Court's Schedule of Pretrial and Trial Dates form is attached hereto as Exhibit "A".

**S.    Other Issues**

There does not appear to be any complicated technical or technological issue, and the parties do not presently anticipate protracted discovery disputes.

That said, Defendants' counsel intimates that Defendants intend to rely upon the advice of counsel defense, which raises issues pertaining to discovery of

admissible documentary and testimonial evidence otherwise protected from the discovery scheme. Accordingly, Plaintiffs are amenable to execution of a protective order that permits disclosure of relevant information to the parties and their attorneys and their litigation consultants and experts, only, with an agreement to return all protected documents to their originating party at the close of litigation.

Dated: 9/20/2013                    HANGER, STEINBERG, SHAPIRO
                                    & ASH


                                    /s/ Jonathan P. Cyr
                                    MARC S. SHAPIRO
                                    JONATHAN P. CYR
                                    HANGER,     STEINBERG,
                                    SHAPIRO & ASH, ALC
                                    Attorney     for    Plaintiffs
                                    KRISTOPHER D. BAGLEY,
                                    KYLE L. BAGLEY, K.V.B.,
                                    a minor, by and through her
                                    *guardian ad litem*, KYLE L.
                                    BAGLEY


Dated: 9/20/2013                    FIDONE & MOTOOKA, LLP


                                    /s/ Marjorie E. Motooka
                                    MARJORIE E. MOTOOKA
                                    Attorney     for    Defendants
                                    CHARLES    A.    DAILEY,
                                    CAROL     P.    DAILEY,
                                    MILLER    &    DESATNIK
                                    MANAGEMENT CO., INC.

023/702

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

JOINT CONFERENCE REPORT, PURSUANT TO FED. R. CIV. PROC. 26(f)

### JUDGE MICHAEL W. FITZGERALD
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:13-CV-03784-MWF-JEM |
|---|---|
| Case Name | Kristopher D. Bagley, et al. v. Miller and Desatnik Management Co. Inc., et al. |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [ X ] Jury Trial   *or*   [   ] Court Trial<br><br>**(Tuesday at 8:30 a.m.)**          Duration Estimate: 5-7 Days | 6/10/2014 | 6/10/2014 | |
| Final Pretrial Conference          [LR 16] and Hearing on Motions<br>**(Monday at 11:00   a.m. – three (3) weeks before**   *In Limine*   *date)*<br><br>Motions *In Limine*   must be filed **three (3) weeks**   this date;<br>oppositions are due   **two (2) weeks** before this date;   reply briefs. | 5/19/2014 | 5/19/2014 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 12/31/2013 | 12/31/2013 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 2/18/2014 | 2/18/2014 | |
| Expert Disclosure (Initial) | | 2/4/2014 | 2/4/2014 | |
| Expert Disclosure (Rebuttal) | | 3/4/2014 | 3/4/2014 | |
| Expert Discovery Cut-Off | 14 * | 4/1/2014 | 4/1/2014 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 3/31/2014 | 3/31/2014 | |
| Last Date to Conduct Settlement Conference | 12 | 3/18/2014 | 3/18/2014 | |
| For Jury Trial<br><br>• File Memorandum   of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and   Witness Lists, LR 16-5.6<br>• File Status Report   Regarding Settlement<br>• File Motions In   *Limine* | 6 | 4/29/2014 | 4/29/2014 | |
| For Jury Trial<br><br>• Lodge Pretrial   Conference Order, LR 16-7<br>• File Agreed Set   of Jury Instructions and Verdict Forms<br>• File Statement   Regarding Disputed Verdicts, etc.   Instructions, to Motions *In*<br>• File Oppositions   *Limine* | 5 | 5/6/2014 | 5/6/2014 | |
| For Court Trial<br><br>• Lodge Findings   of Fact and Conclusions of LR 52 and Summaries   Law, of Direct Testimony | 3 | | | |

\* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

O  Attorney Settlement Officer Panel      P  Private Mediation      D  Magistrate Judge (with Court approval)

**EXHIBIT A**

16

JOINT CONFERENCE REPORT, PURSUANT TO FED. R. CIV. PROC. 26(f)

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21031 Ventura Boulevard, Suite 800, Woodland Hills, California 91364-6512.

On September 20, 2013, I enclosed the documents described as **JOINT CONFERENCE REPORT [FED. R. CIV. PROC. 26(f)]** in a sealed envelope or package addressed to the persons at the addresses on the attached mailing list as follows:

**SEE ATTACHED MAILING LIST**

**By United States mail.**

I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

The envelope or package was placed in the mail at Woodland Hills, California.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 20, 2013, at Woodland Hills, California.

_____

Our File No.: 023/702

1

2

<u>KRISTOPHER D. BAGLEY, et al. vs. MILLER & DESATNIK MGT. CO., INC., et al.</u>
U.S.D.C. Case No. CV13-03784 MWF (JEMx)
Original Superior Court of California, Los Angeles County Case #SC120509–related to 13R02786

3

4

**<u>MAILING LIST</u>**

5

6

7

8

9

10

11

Marjorie E. Motooka, Esq,
Gary P. Fidone, Esq.
FIDONE & MOTOOKA, LLP
301 N. Lake Avenue, Suite 1000A
Pasadena, CA 91101-5126
Phone: 310/356-0100
Fax: 310/356-0101
**ATTORNEYS FOR DEFENDANTS**
**MILLER & DESATNIK MANAGEMENT CO., INC.;**
**CHARLES A. DAILEY; and CAROL P. DAILEY**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CONFERENCE REPORT, PURSUANT TO FED. R. CIV. PROC. 26(f)